[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this amended petition for a writ of habeas corpus alleging that his criminal trial attorney, Richard Silverstein, was ineffective in assisting him in that he failed to (1) advise him of his right to sentence review; (2) properly investigate his case in chief; and (3) properly investigate his case for sentencing and that his appellate attorney, Norman A. Pattis, was ineffective in assisting him in that he failed to file for certification to the State Supreme Court from the Appellate Court's denial of his appeal.
The petitioner's arrest arose from several incidents which occurred over the period of about one month from May 4, 1992 in which he was identified by the victims and witnesses from photo arrays and in court as the person who had committed robberies, larcenies and an assault on a victim sixty years or older. He also made admissions to a police officer as to four of said incidents. See State v. Fuller, 48 Conn. App. 374, 380-1. Verdict CT Page 3401 and judgment of guilty was rendered of two counts of larceny in the second degree, four counts of robbery in the third degree, two counts of larceny in the third degree and one count of assault of a victim sixty years of age or older.
The petitioner called himself and his criminal trial and appellate attorneys as his only witnesses.
The petitioner testified that he did not commit the crimes and gave names of people who knew this such as his brother. He was not given sentence review. He also testified that his appellate attorney did not petition a certification from the Supreme Court.
Silverstein testified that he represented the petitioner on a number of robberies and larcenies which occurred over about a two (2) month period. They were broken up into two (2) separate trials, a number of incidents in each trial. The theory of defense was that it was not him. On the first trial acquittals were obtained. On the second trial he was convicted of a number of the charges. He doesn't remember too much of the details because he had given his file to the public defender for appeal purposes. He does not remember that sentence review was advised because the petitioner had caused a disturbance in the courtroom about the time notice of such right would have been given.
Pattis testified that he brought an appeal on two grounds, insufficiency of the evidence of one count of larceny in the second degree and his escape from custody charged under "consciousness of guilt." He did not petition certification because he decided the analysis of the evidence presented by the Appellate Court on each of these issues would be unlikely to be overturned.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,446 U.S. 668, 694. The petitioner has failed to prove how the result would be different. He has failed to place before this court any evidence to overcome or impeach the identifications made of him in the criminal proceedings.
He likewise failed to carry his burden to prove how his counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 359. CT Page 3402 Silverstein was prepared adequately on his motions to suppress identification although unsuccessful and cross-examined during the trial adequately to gain acquittals on several charges. HE couldn't remember whether the clerk gave notice of the petitioner's right to sentence review but Silverstein had a recollection that it may have been interrupted by the defendant's conduct causing a disturbance in the courtroom. The burden was on the petitioner and he failed to carry it.
Pattis adequately explained that the Appellate Court's factual analysis as applied to the two issues in denying them presented a petition in futility in obtaining certification from the Supreme Court to appeal.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee